IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| LAKESIA TIBBS<br>880 New Jersey Avenue SE<br>Washington, DC 20032<br><br>    Plaintiff,<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, INC.<br>A/K/A MGM RESORTS INTERNATIONAL<br>2215-B Renaissance Drive<br>Las Vegas, NV 89119<br><br>    <u>Serve</u>:<br>    CSC-Lawyers Incorporating Service Co.<br>    7 St. Paul Street, Suite 820<br>    Baltimore, MD 21202<br><br>    Defendant. | * * * * * * * * * * * * * * * *<br><br>Case No. CAL22-19683 |

<u>COMPLAINT</u>
(Negligence)

COMES NOW Plaintiff Lakesia Tibbs ("Plaintiff"), by and through her attorney, Keith W. Watters, and hereby moves for judgment against Defendant MGM Resorts International, Inc. A/K/A MGM Resorts International ("Defendant") on the grounds and in the amount as hereinafter set forth:

    1.    Plaintiff is an adult resident of the District of Columbia.

1

Exhibit A

2.  Defendant is a Delaware corporation with its principal place of business located in Las Vegas, Nevada. At all times relevant herein, Defendant owned, operated, managed, and/or maintained MGM National Harbor located at 101 MGM National Avenue, Oxon Hill, MD 20745. At all times relevant herein, Defendant also provided security services at MGM National Harbor. At all times relevant herein, Defendant was acting by and through its agents, servants, and/or employees, all of whom were acting within the course and scope of their employment, for and on behalf of Defendant.

3.  This Court has jurisdiction over this action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501.

4.  This Court has personal jurisdiction over Defendant pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103.

5.  Venue is proper in this Court because all or a substantial portion of the events or omissions giving rise to this action occurred in Prince George's County, Maryland.

6.  On January 29, 2022, Plaintiff was a patron at MGM National Harbor located at 101 MGM National Avenue, Oxon Hill, MD 20745.

7.  While at the bar at MGM National Harbor, another patron got into a verbal altercation with Plaintiff and then attacked, assaulted, battered, and/or injured Plaintiff without cause, provocation, or justification.

8.  Upon information and belief, the security guards working for and at MGM National Harbor did not intervene in the verbal altercation and/or made no attempts to deescalate the situation.

9. At all times relevant herein, Defendant had a duty to patrons at said premises to maintain said premises in a reasonably safe condition, and to anticipate and take reasonable steps to address and/or reasonably prevent foreseeable incidents which might occur or expose patrons to an unreasonable risk of injury.

10. At all times relevant herein, Defendant had a duty to deploy and utilize the necessary personnel and equipment to maintain said premises reasonably free of incidents which might occur or expose patrons to an unreasonable risk of injury.

11. Defendant, individually or by and through its agents, servants, and/or employees, acted with less than reasonable care and was negligent in one or more of the following ways:

   (a) Failed to adhere to the standard of care for providing security services to patrons at said premises;

   (b) Failed to ensure that patrons at said premises were not exposed to an unreasonable risk of injury;

   (c) Failed to take steps to reasonably prevent physical assaults of patrons;

   (d) Failed to deploy and utilize the necessary personnel and equipment to maintain said premises reasonably free of incidents which might occur or expose patrons to an unreasonable risk of injury; and

   (e) Failed to adequately detect and respond to a verbal altercation at said premises.

12. Defendant is liable for all acts and/or omissions committed by its agents, servants, and/or employees within the course and scope of their agency and/or employment with Defendant under the doctrine of *respondeat superior*.

13. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered permanent injuries to her body, has suffered emotional and psychological damage, has suffered great pain of body and mind, and has incurred medical and out-of-pocket expenses.

**WHEREFORE**, Plaintiff Lakesia Tibbs hereby demands judgment against Defendant MGM Resorts International, Inc. A/K/A MGM Resorts International in the amount of five hundred thousand dollars ($500,000.00), plus interest and costs.

Respectfully submitted,

Keith W. Watters, Esq.
(CPF # 8606010408)
KEITH WATTERS & ASSOCIATES
1667 K Street NW, Suite 1125
Washington, DC 20006
(202) 887-1990
keithwatters@verizon.net

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demand trial by jury as to all counts.

Keith W. Watters, Esq.

4

## CERTIFICATION PURSUANT TO RULE 1-313

The undersigned hereby certifies that he is admitted to practice law in the State of Maryland and is a member in good standing of the Bar of Maryland.

_____
Keith W. Watters, Esq.